**Clyde ESTEP, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 878S166.

Supreme Court of Indiana.

Sept. 11, 1979.

Palmer, Bowers & Brewer by Robert S. Garrett, Huntington, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was found guilty of burglary, Ind.Code § 35–43–2–1, and of being an habitual offender, Ind.Code § 35–50–2–8. He was sentenced to imprisonment for a term of five (5) years on the burglary count and for a term of thirty (30) years on the charge of being an habitual offender. His appeal presents the following issues:

(1) Whether the trial court erred in admitting into evidence the defendant's written statement, over an objection that it had been obtained by deception.

(2) Whether the guilty verdict on the burglary charge was supported by sufficient evidence.

(3) Whether the trial court erred in refusing to give the defendant's tendered instruction advising that trespass is a lesser included offense of burglary.

(4) Whether the trial court erred in permitting the State, over defense counsel's objection, to examine its own witness concerning penalties the witness' accomplice had incurred with respect to prior criminal activity.

(5) Whether the trial court erred in denying defendant's motion for a directed verdict on the charge of being an habitual offender.

(6) Whether the evidence was sufficient to sustain the verdict on the habitual offender charge.

## ISSUE I

Defendant contends that the State failed in its burden to prove that his confession had been voluntarily given, in that there was some evidence that the interrogating officers *may have* induced him to confess by deception, in that he was told that Whitacre, the defendant's accomplice, had implicated him. It is his position that in view of that hypothesis, which could be inferred from testimony obtained from one of the officers on cross-examination, it was incumbent upon the State to show, that the defendant had not been so tricked.

At the core of the defendant's position is the proposition that deception, standing alone, will render a confession involuntary and hence inadmissible. He has cited no authority in support of such proposition, and the question does not appear to have

been previously decided in this state. Dicta from *Swaney v. State*, (1978) Ind.App., 374 N.E.2d 554 stating that such should weigh heavily against a finding of voluntariness is overly broad and not supported by the authority there cited. Most courts passing upon the subject have expressed their distaste for the employment of deceit and subterfuges in interrogating suspects, and we do not wish to be understood as approving such methods, which are generally reprehensible and beneath the dignity of the State; and we note the following dicta from *Lisenba v. California,* (1941) 314 U.S. 219, 62 S.Ct. 280, 290, 86 L.Ed. 166:

> "If, by fraud, collusion, trickery, and subornation of perjury, on the part of those representing the state, the trial of an accused person results in his conviction he has been denied due process of law. The case can stand no better if, by the same devices, a confession is procured and used in the trial."

Nevertheless, it has been universally held by the authorities examined that artifice, deception and subterfuge, having no tendency to produce a false statement or acknowledgment of guilt, does not vitiate the statement, as involuntary or deny due process. (Subject annotated at 99 A.L.R.2d 772).

▮ Additionally, the record does not support defendant's claim that the State failed in its burden to prove that the statement had not been induced by deception, although there was some isolated testimony from which such might be fairly inferred. To the contrary, Captain Harvey, by whom the confession has been identified, testified, on cross-examination, that at the time he told the defendant that the accomplice had implicated him, the accomplice had, in fact, done so. A trial court's ruling upon the admissibility of a confession, if based upon substantial, though conflicting, evidence, will not be disturbed on appeal. *Riggs v. State,* (1976) Ind., 342 N.E.2d 838, 843.

## ISSUE II

▮ It is defendant's contention, upon this sufficiency issue, that the State failed to prove that he had the requisite intent to commit a felony at the time he entered the building. His argument attacks the testimony of the accomplice, Beeks, who did not enter the building, and ignores his own confession which, in pertinent part, was as follows:

> "I Clyde Estep and Jeff Whitacre went into the Green Parrot Pool Hall . . . and was talking to Phil Beeks. And he said he knew where some money was that he knew we could get. And Jeff and I said where. And Phil said in the office of the poolroom. And later on that night all three of us was at my trayler (sic) . . the next I knew we was talking about the money in the poolroom. So we went down there and Jeff and I went inside . . . and got the money . . . ."

It is apparent that the defendant's argument that there was insufficient evidence as to the element of intent is premised upon his assertion that his inculpatory statement was erroneously admitted into evidence. That issue having been resolved to the contrary, the sufficiency argument also fails.

## ISSUE III

The test for determining the existence of a lesser included offense was set forth in *Watford v. State,* (1957) 237 Ind. 10, 15, 143 N.E.2d 405, 407, where it was stated that " * * * to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without having first committed the lesser."

▮ Although the entry incidental to a burglary may be a trespass, under Ind.Code § 35–43–2–2(a)(1) (Burns) it does not follow, that it must be. One may never have been denied entry to his neighbor's house, he may even have been expressly authorized to enter it at any time. Yet, if he enters by "breaking," as that term has been employed in defining burglary, with the intent to commit a felony therein, he commits a burglary—although not a trespass, because the entry was authorized.

Defendant's claim that a burglary cannot be committed without committing a criminal trespass under subsection (a)(4) of Ind.Code § 35-43-2-2 (Burns) is also erroneous. That subsection renders it a criminal trespass to knowingly or intentionally interfere with the possession or use of another's property without his consent, such interference being the equivalent of the entry proscribed in subsection (a)(1). It is not necessary for the break and the entry proscribed by the burglary statute to interfere with the possession or use of another's property. Obviously if an intent to commit a larceny requisite to a burglary came to fruition, the larceny would be such an interference. However, a burglary is committed when a break and entry is effected with intent to commit a felony. Whether or not the intended felony is accomplished is immaterial. *Combs v. State,* (1973) 260 Ind. 294, 295 N.E.2d 366; *Word v. State,* (1970) 254 Ind. 542, 261 N.E.2d 225.

## ISSUE IV

On re-direct examination of its witness, Phillip Beeks an accomplice of the defendant, the state was permitted to inquire as to the sentences received by certain of Beeks' accomplices in connection with prior unrelated crimes, over the defendant's objection that such was irrelevant, immaterial and prejudicial.

The defendant's contention that the admission of the testimony in response to such inquiry was reversible error "Because of the possibility of causing confusion to the jury," is not a sufficient claim or showing of prejudicial error. On appeal, the burden is upon the appellant to show how he was harmed by the erroneous admission or rejection of evidence. Technical errors or defects which are not shown to have prejudiced a party's substantial rights will not suffice to permit a reversal, Ind.Code § 35-1-47-9, *Blackburn v. State,* (1973) 260 Ind. 5, 291 N.E.2d 686.

Additionally, the record reveals that the defendant, upon cross examination of Beeks, first inquired into the subject of the accomplice's sentences. Accordingly, the State, on re-direct examination, was entitled to probe the matter further, to avert a false or misleading impression. *Gilliam v. State,* (1978) Ind., 383 N.E.2d 297, 301.

## ISSUES V & VI

Defendant's next assignments of error can be consolidated. He asserts that the trial court erred in overruling his motion for a directed verdict upon the charge of being a habitual offender. Further, he contends that the evidence was insufficient to sustain the jury's verdict upon that charge. As to both issues, defense counsel argues that the State failed to prove all of the necessary elements of the offense. Specifically, he contends the State did not prove that he was the same person as the one named in the information charging the two prior, unrelated felony convictions.

The record reveals that the State introduced, through the Huntington Circuit Court clerk, certified copies of the informations charging the prior offenses. One information named a "Clyde Estep" and the other named "Clyde E. Estep." Certified copies of docket sheet entries showing the conviction in each cause were also introduced into evidence. It is not disputed that the informations and docket sheet entries involved unrelated felonies.

Dennis Dolby, an officer on the Huntington police force, testified that he was the investigating officer on the burglary charged in one of the previously introduced informations, and he identified the defendant as the one charged.

Another Huntington police officer, Jay B. Allen, testified that he was the investigating officer on a theft charge which was the subject of the other information previously admitted into evidence, that he had signed the original information, and that the defendant was the one charged.

"To avoid a directed verdict the State merely has to make out a prima facie case." *Holliday v. State,* (1970) 254 Ind. 85, 87, 257 N.E.2d 679, 680. A directed verdict of acquittal is given only if there is a com-

plete lack of evidence on some essential element or if the evidence supports only one inference and that inference is in favor of the defendant. *Mendez v. State,* (1977) Ind., 367 N.E.2d 1081; *Carmon v. State,* (1976) 265 Ind. 1, 349 N.E.2d 167, *Carroll v. State,* (1975) 263 Ind. 696, 338 N.E.2d 264. Here, the State made a prima facie case by introducing certified copies of records showing the charges and convictions and by the testimony of the police officers identifying the defendant as the one charged.

All of the State's evidence was presented in its case-in-chief; thus, the evidence challenged by the motion for a directed verdict was the same as that which served as the basis for the jury's verdict. In arguing that there was insufficient evidence to sustain that verdict, counsel asserts that neither Officer Allen nor Dolby testified that he was *in court* at the time of the prior convictions. Thus, counsel argues that a "direct connection" was not made between the Clyde Estep then on trial and the Clyde Estep named in the documents introduced into evidence. Counsel, to support his contention, relies on *Smith v. State,* (1962) 243 Ind. 74, 181 N.E.2d 520. *Smith,* however, is distinguishable. In *Smith,* only certified copies of judgments and convictions bearing the defendant's name were in evidence. There was *no* additional proof that the person named in those papers was the same as the person on trial as a habitual offender.

In the case before us, there was additional evidence in the testimony of Officers Allen and Dolby. Although they did not testify that they were present when Clyde Estep was convicted, this Court has never held that the identification of the one charged must be proved by direct testimony. On review of a sufficiency issue, this Court will consider only that evidence most favorable to the State, along with all logical and reasonable inferences which may be drawn therefrom. *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831. Further, in *Jones v. State,* (1977) Ind., 369 N.E.2d 418, it was held that, in habitual proceedings, the question of a defendant's previous convictions is for the jury.

 Identity, as well as other facts, may be proved by circumstantial evidence, as well as by direct testimony. *Ellis v. State,* (1969) 252 Ind. 472, 250 N.E.2d 364. A logical and reasonable inference to be drawn from the testimony of Officers Dolby and Allen is that the person convicted in each of the prior proceedings was the one therein charged, in these instances, the defendant.

We find no reversible error. The judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.