William H. COKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 483S114.

Supreme Court of Indiana.

Oct. 31, 1983.

George C. Paras, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury convicted appellant of Burglary, a Class C felony. The court sentenced him to a term of ten (10) years imprisonment. Subsequent to the jury's finding appellant was an habitual offender, the court sentenced him to "a term of thirty (30) years, and that said term run consecutively with the sentence imposed in Count I-Burglary, a Class C Felony, for a total sentence of forty (40) years."

The onus of the habitual offender finding is an enhanced sentence for the instant crime by thirty (30) years. The finding cannot serve as the basis for a separate sentence without violating the Eighth Amendment and the Double Jeopardy Clause. *Cuppett v. State,* (1983) Ind., 448 N.E.2d 298; *Rhyne v. State,* (1983) Ind., 446 N.E.2d 970; *Yager v. State,* (1982) Ind., 437 N.E.2d 454. This cause is therefore remanded for correction of sentence. Appellant must be sentenced specifically to forty (40) years imprisonment, consisting of ten (10) years plus thirty (30) years, for the instant burglary conviction.

Appellant claims the trial court committed reversible error by allowing a State's witness to make an in-court identification because it was tainted by an improper pretrial identification procedure.

The witness, Mrs. Lamprecht, testified that as she was investigating the cause of her dog's barking, she observed appellant coming out of the Chambers' home next door carrying a dark microwave oven or color television. She watched him from a window in her home for a couple of minutes from a distance of ten to twenty-five feet. She stated the day was bright and sunny, and that she "got a good look" at appellant as he was carrying the object toward a silver over black Ford. She described the man's clothing in detail, and said he had a full beard. She saw him place the object in the trunk of the car. The car had been backed into the driveway between the two

homes. The trunk lid was open and a sack was on the ground near the car.

Another neighbor, Kottka, who was one of the local police officers involved in the apprehension of appellant, testified he saw appellant drive the Ford past his home and park in the Chambers' driveway just ten minutes before Mrs. Lamprecht called the police to report the suspected burglary. Hearing this report on his police radio, he and another officer responded to the call. They arrived as the burglar was removing himself, and the stolen items from the scene in the Ford automobile.

The officers pursued the car and signaled the driver to pull over. Instead of obeying the signal, the driver led them on a high speed chase. He then abandoned the car and Indiana State Police Officer Spiller, who had entered the chase, followed him on foot. Spiller ran down an alley, after the suspect, and lost sight of him as he ran through a wooded area. Upon emerging from the woods, the officer found appellant lying on the ground next to a house. Spiller said appellant gave himself up at that point, saying, "You got me."

At trial, a defense witness stated appellant had left her home. She said he was waiting for a bus at the time of his arrest. The jury may believe either version of conflicting evidence. *Kocher v. State,* (1982) Ind., 439 N.E.2d 1344.

■ The officers returned appellant to the scene within 30–45 minutes of the burglary. Mrs. Lamprecht then identified appellant as the man she had seen earlier.

One on one confrontations between a suspect and a victim or witness are permissible under the rationale:

"that the best interests of the suspect as well as that of efficient law enforcement are served when the identification takes place immediately, though it be without counsel for the suspected party. At this stage of the police's investigation an obvious need is apparent for making a speedy determination as to the suspect's identity. If the wrong man is apprehended, certainly the police must con-

tinue their search for the criminal. On the other hand, if the suspect is identified as the person who committed the alleged crime, the police might then see fit to curtail their activities as to that particular offense.

"For this court to hold otherwise in situations such as that presented here would be to unreasonably encumber the state's execution of its responsibility in apprehending criminals. This court, while ever vigilant in its protection of individual constitutional rights, will nevertheless recognize the obvious practicalities of crime prevention, and where a practice does not infringe on a suspect's substantive rights, we shall not be guilty of unduly restricting the police in their efforts to protect the citizens of this state." *McPhearson v. State,* (1969) 253 Ind. 254, 259–60, 253 N.E.2d 226, 229.

Appellant's argument that returning him to the scene by himself, in a police car, while handcuffed, was unduly suggestive is not novel. *See Hill v. State,* (1982) Ind., 442 N.E.2d 1049. In that case, this Court held that it was valuable to have the witness view a suspect while the image of the perpetrator was fresh in his mind, and that the immediacy of the incident substantially diminishes the potential for misidentification.

We find the one on one confrontation between appellant and Mrs. Lamprecht was not impermissibly suggestive.

Appellant next contends the trial court erred by admitting certain documentary evidence of his prior unrelated convictions during the habitual offender segment of the bifurcated proceedings. He objected to the admission of State's Exhibit H–1, which was a certified copy of the judgment and commitment for one felony conviction, because although it contained his name, it did not also include his photograph and fingerprints.

The pertinent part of the statute reads: "(d) A person is an habitual offender if the jury . . . finds that the state has proved beyond a reasonable doubt the person has accumulated two [2] prior un-

related felony convictions. IC § 35–50–2–8, as amended by Acts 1976, P.L. 148, § 8; 1977, P.L. 340, § 121; 1980, P.L. 210, § 1, P.L. 335–1983, § 1."

■ Certified copies of judgments or commitments containing the same or similar name as defendant's may be introduced to prove the commission of prior felonies. However, there must be other supporting evidence to identify defendant as being the same person named in the documents. *Estep v. State,* (1979) 271 Ind. 525, 394 N.E.2d 111; *Smith v. State,* (1962) 243 Ind. 74, 181 N.E.2d 520. Appellant implies the only manner in which he can be proven to be the person represented in the judgments and commitments is to require each document to carry his photograph and fingerprints upon it.

■ Such identifiers have been held sufficient to supply the necessary evidentiary support to directly connect the defendant to the documents in validating an habitual offender finding, *Rhyne, supra; Norris v. State,* (1979) 271 Ind. 568, 394 N.E.2d 144, but they are not the only forms in which such support may come. The question of defendant's prior convictions is for the jury's determination. *Estep, supra; Jones v. State,* (1977) 267 Ind. 205, 369 N.E.2d 418. Identity may be proven by circumstantial evidence. *Estep, supra; Ellis v. State,* (1969) 252 Ind. 472, 250 N.E.2d 364. If the evidence yields logical and reasonable inferences from which the trier of fact may determine it was indeed the defendant who was convicted of felonies twice before, then sufficient connection has been shown.

■ In the case at bar, additional evidence exists to identify appellant. The Court Reporter for Criminal Court Division One in Lake County testified appellant was a witness in the case of *State v. Ervan Hall,* at which she served as the reporter. She heard him admit on cross-examination that he was convicted of: burglary in Alabama in 1971; dealing in heroin in Lake County in 1979; and in federal court of forging and altering a United States postal money order. A transcript of the *Hall* trial containing this excerpt was admitted into evidence at appellant's hearing.

The above recited evidence is sufficient to prove appellant was the person named in the judgment and commitment papers for each of those convictions. In addition, appellant admitted at his own trial, on direct examination, to all three felony convictions.

Furthermore, the State submitted certified records showing the three felony convictions, and defense counsel objected to the admission of only one of those exhibits. Therefore, the question of whether appellant was properly identified as defendant in the third felony conviction is irrelevant. The statute requires only that two prior unrelated felonies be proven before an habitual offender finding must be made. I.C. § 35–50–2–8 [Burns Supp. 1983].

■ Appellant also claims the evidence was insufficient to sustain his conviction for burglary. We do not weigh the evidence nor judge the credibility of witnesses. *Collins v. State,* (1981) Ind., 429 N.E.2d 623.

■ A person commits the elements of Burglary, a Class C felony, when he "breaks and enters the building or structure of another person, with intent to commit a felony in it . . . ." I.C. § 35–43–2–1, as added by Acts 1976, P.L. 148, § 3; 1977, P.L. 340, § 42; 1982, P.L. 204, § 36. A burglary conviction may rest entirely upon circumstantial evidence. *Eaton v. State,* (1980) Ind., 408 N.E.2d 1281. In the case at bar, the State presented evidence that the sliding glass door of the home had been pried open, that personal property was missing when the owner returned home, and that Mrs. Lamprecht viewed appellant in daylight, at close range, carrying an appliance away from the house toward a waiting car.

The evidence in the record is sufficient to support the findings of the jury.

The trial court is affirmed. This cause is remanded for correction of sentence.

HUNTER, DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.