Grant RUSSELL, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 385S114.

Supreme Court of Indiana.

March 12, 1986.

Belle T. Choate, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Grant Russell was convicted at the conclusion of a bench trial in the Marion County Superior Court, Criminal Division, of theft, a class D felony, possession of heroin in excess of three (3) grams, a class C felony, and of being an habitual offender. Appellant was sentenced to five (5) years for the possessory offense, enhanced by thirty (30) years for the habitual offender finding, and to two (2) years for theft, the sentences to run concurrently. In this direct appeal he raises sufficiency issues and the chain of custody of State's Exhibit No. 5.

Appellant first maintains there was insufficient evidence that he had a specific intent to exert unauthorized control over the items taken. Where sufficiency of the evidence is challenged on review, this Court will neither weigh the evidence nor determine the credibility of witnesses, but rather, will look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the conviction will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

■ The facts supporting the conviction are as follows. On October 28, 1983 at approximately 5:00 p.m., Security Officer Gary Mills observed Appellant enter the Lil' Butch Super Market at 5055 East 38th Street in Indianapolis. Through the store's security cameras, Mills observed Appellant take a pie and thirteen (13) packages of Kool-Aid from shelves and place them under his clothing. Once Appellant proceeded to the exit beyond the point of the cash registers without paying for the merchandise, Mills lost sight of Appellant for approximately a second or two as he left the cameras to apprehend Appellant. Mills identified himself as a security officer. Appellant tried to flee but Mills overpowered him, handcuffed him, and took him to the office, where the stolen items were discovered on Appellant's person. Despite Appellant's unsubstantiated claim that he paid a cashier for the items while Mills was not looking, there is clearly substantial evidence of probative value to support Appellant's conviction. *Wise v. State* (1980), Ind. App., 401 N.E.2d 65, 71, *tr. denied* (1980).

Upon being apprehended, Appellant attempted to reach into his back pocket. Mills' search of the pocket revealed a plastic bag containing a suspected narcotic and a small scale. At trial Mills testified he put the seized plastic bag inside another plastic bag, initialled it, and turned it over to the Indianapolis Police Department property room. Dick Shaw, a forensic chemist of the Indianapolis Police Department, testified he retrieved the bag from the property room on October 31, 1983. He also testified that no one has access to the property room except property room employees, and that the bag was sealed when he retrieved it. Shaw's analysis revealed the contents of the bag to be heroin.

■ This bag was admitted into evidence as part of State's Exhibit No. 5. Appellant alleges there is "A complete lack of proof that the 'suspected narcotic' taken by Mills from [Appellant] is the same

'brown powder' which Shaw found to be heroin." However, Appellant offers no evidence that the chain of custody was ever disturbed, short of this allegation. To establish a chain of custody the State need only provide evidence that strongly suggests the exact whereabouts of the evidence at all times. The State need not provide evidence that excludes all possibilities of mishap or tampering. *Graham v. State* (1970), 253 Ind. 525, 530, 255 N.E.2d 652, 654. The State need only provide reasonable assurance that the evidence passed through various hands in an undisturbed condition. *Holt v. State* (1980), 272 Ind. 544, 546, 400 N.E.2d 130, 131–132. An argument by the defendant which does no more than raise the possibility of tampering with the evidence is without merit. *Arnold v. State* (1982), Ind., 436 N.E.2d 288, 291. The testimony of Mills and Shaw establishes a strong chain of custody well within the standards set forth above.

Finally, Appellant maintains the State failed to provide sufficient evidence of prior convictions to support the finding that he is an habitual offender. Specifically, Appellant argues the State did not prove he is the same Grant E. Russell, Jr., named in the records used to prove the past felony convictions.

There must be supporting evidence other than certified copies of judgments or commitments bearing a defendant's name to prove prior felony convictions. *Estep v. State* (1979), 271 Ind. 525, 530, 394 N.E.2d 111, 114–115. However, this other supporting evidence may be circumstantial, as we stated in *Coker v. State* (1983), Ind., 455 N.E.2d 319, 322:

> "If the evidence yields logical and reasonable inferences from which the trier of fact may determine it was indeed the defendant who was convicted of felonies twice before, then sufficient connection has been shown."

*See also, Estep,* 271 Ind. at 531, 394 N.E.2d at 115.

In the present case, State's Exhibit No. 10 contains certified copies of Department of Corrections records with Appellant's name,

fingerprints, and photographs. It also includes commitment papers concerning felony convictions detailed in State's Exhibits Nos. 7 and 8. The State produced testimony of a fingerprint expert that Appellant is the same man named in State's Exhibits Nos. 7, 8, and 10. This expert further testified he acquired Appellant's fingerprints just prior to the hearing, which fingerprints matched those in State's Exhibit 10. This testimony sufficiently supports an inference that Appellant is the same Grant E. Russell, Jr., named in the exhibits used to prove prior felony convictions.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.