**L.P. POINTER, IV, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1084S417.

Supreme Court of Indiana.

Nov. 14, 1986.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, L.P. Pointer, IV, was charged with criminal confinement, a class B felony, and being a habitual offender. A Delaware Circuit Court jury found him guilty of criminal recklessness, a class D felony, and found him a habitual criminal offender. The trial court sentenced Appellant to four (4) years on his criminal recklessness conviction, enhanced by thirty (30) years for being a habitual offender. In this direct appeal, Appellant raises two issues for our review. Both concern the habitual offender portion of his trial.

1) Did the trial court err in admitting State's Exhibits 6, 7, 8, and 9, without a proper foundation?, and,

2) Did the trial court err in denying Appellant's motion for a mistrial after State's Exhibits 8 and 9, which contained confidential presentence reports, were then passed to the jury?

I

During the habitual offender portion of Appellant's trial, the State sought to introduce Exhibits 6, 7, 8, and 9. These exhibits were actual certified copies of docket sheets, minute entries, and court files for two prior felony convictions of one "L.P. Pointer, IV." At the time, this name was the only apparent connection between the State's exhibits and Appellant. Appellant objected to the admission of these exhibits, claiming insufficient foundation linking the records to himself. The trial court admitted the exhibits, but ordered the State to somehow tie them in later on. The exhibits were not passed to the jury for viewing at that time.

The State then called Richard Harkness, a Deputy Prosecuting Attorney, who had been involved in both of these prior felony cases. He testified that Appellant and the individual named in the State's exhibits were "one and the same person." Harkness also testified that he knew Appellant before either of the two prior felony convictions were entered. Edward Thompson, a probation officer who prepared a presentencing report in connection with one of the two prior felonies, testified that the defendant in that case was one "L.P. Pointer, IV," and that person was the defendant in this case. At the close of the State's case, State's Exhibits 6, 7, 8, and 9, were admitted and passed to the jury.

Appellant does not argue that the exhibits lacked sufficient foundation at the time they were passed to the jury. Rather, he argues the trial court erred by prematurely allowing them into evidence. Appellant claims the premature admission of the exhibits prevented him from cross-examining the validity of the contents of those records. We disagree.

■ The State's exhibits were brought by a Deputy Clerk of the Delaware County Clerk's Office. She testified that they were actual certified copies of official court records. Thus, they were self-authenticated and properly admitted as official records under Ind.R.Tr.P. 44(A)(1). We have held that certified copies of judgments or commitments containing the same name or a name similar to a defendant's may be introduced to prove the commission of prior felonies. *Coker v. State* (1983), Ind., 455 N.E.2d 319, 322, *citing Estep v. State* (1979), 271 Ind. 525, 394 N.E.2d 111. However, there must be other supporting evidence to identify the defendant as being the same person named in the documents. *Id.* Here, there was other supporting evidence. Witnesses Harkness and Thompson both testified that Appellant was the same person named in State's Exhibits 6, 7, 8, and 9.

■ The question of defendant's prior convictions is for the jury to decide. *Estep, supra.* Identity may be proved by circumstantial evidence. *Id.* If the evidence yields logical and reasonable inferences from which the jury may determine it was indeed the defendant who was convicted of felonies twice before, then a sufficient connection has been shown. *Coker, supra.* Since the records and testimony connected Appellant with the two prior felonies, the jury was correct in finding Appellant a habitual offender.

■ Appellant's claim that the State's exhibits were admitted prematurely is without merit. The order of evidence to be presented is within the trial court's discretion. *Vacendak v. State* (1982), Ind., 431 N.E.2d 100, 104. In most cases this issue comes up when a confession is introduced before the State has proved the *corpus delicti*. The rule is that the order of evidence is discretionary with the trial court. We see no reason why the rule should be any different in a habitual offender trial. The State has to start somewhere, and it is reasonable to first introduce evidence of the defendant's prior conviction and then produce supporting testimony connecting the records to the defendant. That is what was done in this case. Further, Appellant has failed to demonstrate how he was prejudiced in any way by the order of evidence presented at his trial. Accordingly, there is no error on this issue.

II

Appellant next argues the trial court erred when it allowed State's Exhibits 8 and 9 into evidence, and permitted them to be passed to the jury. These exhibits were the court files of Appellant's two prior felony convictions and included presentence reports filed in those cases. Appellant claims the reports are hearsay and are confidential material that should not have been viewed by the jury. Appellant moved for a mistrial after the exhibits were passed to the jury and this motion was denied. Appellant now claims the trial court erred in allowing the jury to see these reports and in denying his motion for mistrial after they did.

■ Presentence reports do contain much hearsay and other extraneous evidence. *Pulliam v. State* (1976), 264 Ind. 381, 345 N.E.2d 229, 241. Ind.Code § 35–38–1–13 (Burns 1985) establishes the confidentiality of presentence reports providing that they are confidential and are available only to the defendant and the prosecuting attorney. In *Robinson v. State* (1979), 180 Ind.App. 555, 389 N.E.2d 371, the First District Court of Appeals held that where the jury was to decide a defendant's penalty, it was fundamental error to allow the jury to consider the defendant's presentence report prior to sentencing him. In *Owens v. State* (1981), Ind., 427 N.E.2d 880, this Court held it was not error for the trial court to refuse the defendant's request that the jury be allowed to see his presentence report during the habitual offender portion of his trial. We held in that case that since the jury in the context of the habitual offender proceedings serves no sentencing function, presentence reports were not relevant to any matter at issue to the jury. Therefore, the defendant was not entitled to present his presentence report

to the jury. *Id.* at 886. In this case, the presentence reports introduced into evidence were for prior felony convictions and not the base crime for which Appellant was being tried. It is still true, however, that the nature of the presentence reports was irrelevant to any of the issues presented in a habitual offender trial and, therefore, constituted improper evidence to submit to the jury. *Owens, supra; Robinson, supra;* Ind.Code § 35–38–1–13 (Burns 1985).

 We are not convinced, however, that the submission of these reports to the jury in this case presents reversible error. There was overwhelming evidence other than the presentence reports that Appellant committed two prior unrelated felonies. Court docket sheets and witnesses' testimony connected Appellant to the previous crimes. Appellant fails to demonstrate any prejudice from the erroneous admission of these reports. The jury's function was to determine if Appellant had committed two prior felonies and not to sentence him. The admission of his presentence reports was merely surplusage because they were irrelevant to any issue before the jury. Evidence which tends only to disclose a fact proven by other properly admitted evidence is harmless. *Moore v. State* (1984), Ind., 467 N.E.2d 720. Appellant's two felony convictions were proven by other properly admitted evidence as we already have indicated.

For the same reasons, the trial court committed no reversible error by denying Appellant's motion for mistrial. *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 900. The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.