Maurice SANSOM, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 45A03–9007–CR–283.

Court of Appeals of Indiana, Third District.

Nov. 8, 1990.

James F. Stanton, Appellate Div., Crown Point, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

A jury convicted Sansom of burglary. His appeal challenges the sufficiency of the evidence and attacks the admission into evidence of state's exhibit 7, which was used to identify a latent fingerprint found at the scene.

The exhibit is a fingerprint card which had been secured and maintained by the police department. The card reflects that the prints were taken on January 9, 1982 of a Maurice Sansom whose middle name was Antoin, Antoine, or Antione. The card described the subject as "a black male residing at 934 Carroll St., Apt. 4 in Hammond." It related that he was born in Chicago, Illinois on 4–17–61, was "5–6, weight 134, eyes brown, hair black, build small, and complexion drk." It reported that he had scars near the right ear, bridge of nose, right arm and left arm.

Sansom's objection is that it was error to permit introduction of the exhibit because he was not sufficiently identified as the Maurice Sansom whose fingerprints appeared on the card.

We disagree. The jury, of course, had the opportunity to view the defendant. It was additionally placed in evidence without objection that his "name was Maurice Antione Sansom, that he was born in Illinois on 4–17–61 was 5–05 in height, weight 145 pounds and had black hair and brown eyes. The booking card reporting these facts also noted "surg. scar on rt. shoulder 6"."

■ The objection posted is one of relevance. That is, the fingerprint card is irrelevant unless it is connected to Sansom.

■ The trial court is afforded discretion in ruling on relevance objections; even slight relevance can support admission of an exhibit. *Brown v. State* (1985), Ind., 480 N.E.2d 938, 940. Furthermore identity, like other facts, may be proved by circumstantial evidence as well as by direct testimony. *Estep v. State* (1979), 271 Ind. 525, 394 N.E.2d 111.

■ The exhibit bore the same full name as the defendant, disclosed the same birthdate and place of birth and reported a physical description that applied to the defendant. The exhibit was properly admissible. *See, e.g., Meredith v. State* (1987),

Ind., 503 N.E.2d 880, 883; *Seeglitz v. State* (1986), Ind., 500 N.E.2d 144, 149 (prior conviction records admitted without direct identification sufficient to sustain conviction for being an habitual offender).

■ Sansom also contends the evidence was insufficient to sustain the conviction. His argument has two prongs. First, he reasserts his objection to the fingerprint identification card and contends that even if the card was admissible, it does not present an adequate basis for the jury to have determined that he was the Maurice Antione Sansom whose fingerprints appeared on the card. We disagree, as do the holdings in *Meredith, supra,* and *Seeglitz, supra. See also Estep, supra.* Certainly Sansom was entitled to argue this to the jury for it was their function to weigh the evidence and determine the facts. They did so and found against him. Since there was a reasonable inference that he was the person whose fingerprints appeared on exhibit 7, we are bound to accept that determination.

■ Secondly, Sansom contends that merely finding a fingerprint, identified as his, at the scene of a crime is insufficient to establish that he committed the offense. In support he cites *Mediate v. State* (1986), Ind., 498 N.E.2d 391. We do not disagree with this contention. We do reject Sansom's proposed application. As the *Mediate* court pointed out, preclusion of legitimate access to the object upon which the fingerprint was found supports the inference that the fingerprint was not left in consequence of some lawful activity.

Furthermore, a defendant's fingerprint on an object which had been moved during the commission of the offense creates a reasonable inference that the defendant left his print on the object when the crime was committed.

498 N.E.2d at 394.

Here the burglary occurred to a private apartment which had been locked when the occupants left. No one had been given permission to enter. The fingerprint identified as Sansom's was found on a glass jewelry box which had been emptied by the burglar and moved from its place on top of a videocassette recorder which had also been taken. No evidence was presented that might have accounted for the presence of the fingerprint as the result of some innocent activity.

There was a reasonable inference that the owner of that fingerprint was the burglar. The evidence was sufficient.

Affirmed.

RATLIFF, C.J., and HOFFMAN, P.J., concur.