Previn Dean MOORE, Appellant,

v.

STATE of Indiana, Appellee.

No. 884S312.

Supreme Court of Indiana.

Feb. 9, 1988.

William L. Touchette, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is a belated appeal from a 1984 conviction of appellant on two counts of Robbery, Class B felonies. He received enhanced sentences of twelve (12) years on each robbery, the sentences to run concurrently.

The facts are: On June 28, 1983, at approximately 3:00 a.m., Josephine Vespo and Michael Faught were walking along the street in the vicinity of Broadway and Ridge Road in Gary, Indiana. As they walked along the street, they noticed a man standing by the corner of Ridge Road and Broadway who was complaining that he could not get a ride. When Vespo and Faught arrived at the door of their apartment, the man who they had previously noticed walked up behind them and pointed a pistol in Vespo's face, cocked it, and took her purse. He also took Faught's wallet. He then told them to go inside and they would not get hurt. As they went inside, they heard the man run away.

Faught then left the building to summon police and immediately flagged down a police car driven by Sargeant Miles Demonja. Another police car driven by Robert Holtzman was also in the area. Officer Holtzman testified that he saw a man running down Ridge Road with a purse in his hand and immediately started pursuing him in the squad car. He followed appellant into an alley. Then Officer Holtzman exited his car and ordered the man to stop. Officer Holtzman testified that he saw the man drop the purse from one hand and throw an object under a car with the other. Officer Holtzman arrested him, retrieved the purse and a .32 caliber revolver from underneath the car.

The two officers communicated by radio and appellant was returned to the scene of the crime and was searched by Officer Demonja. Papers belonging to Faught were found in appellant's pockets. Appellant was then presented to Vespo and Faught and they identified him as the man who had robbed them. The officers returned appellant to the scene of the crime for identification within five minutes after his capture.

Appellant claims there is insufficient evidence to support the convictions of robbery. He takes the position that the light was too dim at the apartment door for the victims to have identified him. He further claims that he was merely walking down the street and turned into the alley because he had to urinate, and while he was urinating he heard footsteps of another person in the alley and then was arrested by the police officer. He claims he never had the pistol or the purse and that the officer lied about taking Faught's papers from his pockets.

At the time he was arrested, appellant gave his younger brother's name rather than his own and later explained that he did so because he had just been released from Westville Correctional Institution two weeks previously, and he did not want to get into a hassle with his parole officer.

 Appellant also claims that the identification at the scene immediately after the crime was too suggestive, in that he was brought in handcuffs before victims who identified him in spite of the lack of light at the scene of the crime. We have repeatedly held that it is entirely proper for police officers to return a suspect to the scene of the crime if such can be done within a short time following the crime. Identification at such a time is more likely to be accurate than later identifications. *Coker v. State* (1983), Ind., 455 N.E.2d 319.

 There is ample evidence in this record upon which the jury could base its finding that appellant had in fact committed the robberies.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.