**Timothy L. SAPP and David W. Frazier, Appellants,**

v.

**STATE of Indiana, Appellee.**

No. 1185S459.

Supreme Court of Indiana.

Sept. 25, 1987.

Rehearing Denied Nov. 9, 1987.

Timothy R. Dodd, Evansville, for Timothy L. Sapp.

Robert Canada, Evansville, for David W. Frazier.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In a trial by jury, appellants were convicted of Burglary, a Class C felony, and Theft, a Class D felony, and were found to be habitual offenders. The court sentenced appellants to concurrent terms of thirty-two (32) years on the burglary count and thirty-two (32) years on the theft count.

The facts are: The Bowers Standard Service Station in Evansville closed at 10:00 p.m. on October 17, 1984. At 3:00 a.m., Larry Kuehn, a resident of the apartment building near the service station, heard a car door slam and looked out his window. Kuehn watched appellants open the door of a coke machine at Wally's Marathon Service Station and then walk toward the Bowers Standard Service Station. Kuehn promptly telephoned the police.

At approximately the same time, Randy Hughes was operating a sweeping machine in the parking lot of a supermarket located across the street from the two service stations. He also saw appellants at the Marathon and Standard service stations.

Police officers apprehended appellants as they were walking east on Waggoner Street in the vicinity of the service stations. Officer David Reed of the Evansville Police Department discovered thirty-two quarters

and four dimes in appellant Sapp's pocket. The officers then inspected Bowers Standard Service Station and observed that the window of the garage door had been broken, that the door of the cigarette machine was dismantled and that the coin box from the machine was missing. The coin box was later found in a bush on Waggoner Street.

■ Appellants contend the prosecutor committed reversible error by making certain remarks during his final argument concerning appellants' failure to testify during trial. Specifically, appellants argue that the trial court erred in denying their motion for mistrial.

The granting of a motion for mistrial lies within the sound discretion of the trial judge and his determination will be reversed only for an abuse of that discretion. *Ramos v. State* (1982), Ind., 433 N.E.2d 757.

During final argument, both counsel for appellants referred extensively to the evidence in an effort to convince the jury that the State had failed to prove appellants guilty. On rebuttal, the prosecutor made several references to the argument of appellants' counsel. Although counsel objected and moved for a mistrial on the ground the prosecutor was making reference to appellants failure to testify, it is clear from the record that the remarks were addressed to the perceived shortcomings of counsels' arguments and not to the failure of appellants to testify. Such comments do not constitute error. *Frith v. State* (1983), Ind., 452 N.E.2d 930.

■ Appellant Frazier contends there was not sufficient evidence of probative value to sustain his convictions for the crimes of burglary and theft.

This Court does not reweigh the evidence nor judge the credibility of witnesses. *Smith v. State* (1985), Ind., 474 N.E.2d 71.

The record reveals that both appellants were present in the vicinity of the crime shortly after the burglary had been committed. Officer Reed of the Evansville Police Department received a radio dispatch to the location and apprehended appellants as they were walking east on Waggoner Street. Reed discovered a large quantity of coins in appellant Sapp's pocket. The police had been called to the scene by witnesses observing the activities of appellants.

We conclude the jury was presented sufficient evidence of probative value from which it could find beyond a reasonable doubt that appellants committed the crimes of burglary and theft.

■ Appellant Frazier contends the trial court's determination that he is an habitual offender is erroneous. He claims that the State did not present sufficient evidence to identify him as the same David W. Frazier named in the records used to prove the past felony convictions.

To prove prior felony convictions, there must be supporting evidence other than certified copies of judgments or commitments bearing a defendant's name. *Russell v. State* (1986), Ind., 489 N.E.2d 955. The supporting evidence may, however, be circumstantial. *Coker v. State* (1983), Ind., 455 N.E.2d 319.

In the present case, the State introduced certified copies of Department of Correction records with appellant's name, fingerprints, date of birth, social security number and physical description. It also included an information, a judgment, a sentence order and a commitment order for both felony convictions. The State produced the testimony of Officer William Egan of the Evansville Police Department, an expert in fingerprint identification, that appellant is the same person named in State's Exhibits Nos. 54, 56 and 58.

Egan's testimony sufficiently supports an inference that appellant is the same David W. Frazier named in the exhibits used to prove prior felony convictions. We conclude that the evidence is sufficient to support an habitual offender determination.

■ Appellant Frazier contends that he is entitled to a new trial because the record does not indicate that he was formally arraigned on the habitual criminal count on

which he subsequently was tried before a jury.

The State filed an habitual criminal count on November 9, 1984. On December 27, 1984, appellant Frazier was arraigned and a preliminary plea of not guilty was entered by the trial court on his behalf. The trial court then granted appellant Frazier's motion to dismiss on January 15, 1985. The State filed another habitual criminal count against Frazier on January 22, 1985. The trial court denied appellant's motion to dismiss on February 7, 1985.

Appellant has waived any error predicated upon the fact that he was not formally arraigned on the habitual criminal count. Appellant Frazier neither advised the trial court of any irregularity with respect to his arraignment nor did he raise an objection until after the judgment had been entered. *Seaton v. State* (1985), Ind., 478 N.E.2d 51.

 Appellant Sapp contends there was not sufficient evidence to find him an habitual offender since the documents used to prove his conviction were not order book entries.

We have found nothing in the trial rules, statutes, or case law requiring the State to introduce order book entries in order to prove a defendant's prior convictions. *Collins v. State* (1981), 275 Ind. 86, 415 N.E.2d 46. Although appellant is correct in stating that the court speaks only through its order book, we have held that in an habitual offender proceeding, prior felony convictions may be proven in a variety of ways. *Burton v. State* (1986), Ind., 497 N.E.2d 535.

In the present case, the prior felonies were shown via commitment orders, charging informations and court docket entries. Helen Kuebler, Clerk of the Vanderburgh Circuit and Superior Courts, certified each document as being a true copy of the original record on file in the court.

Copies of court docket sheets, properly certified, are admissible as proof of prior convictions in an habitual offender proceeding. *Connell v. State* (1984), Ind., 470 N.E.2d 701.

We conclude that the documents were sufficiently connected to appellant to establish their relevance, and the proper certification provided the necessary foundation for their admission. *Graham v. State* (1982), Ind., 441 N.E.2d 1348. There is no error.

 Appellant Sapp contends the trial court erred by consolidating his trial with that of appellant Frazier.

The State filed its motion to consolidate the two causes on December 21, 1984, and the trial court granted the motion after a hearing on January 15, 1985. Appellants were charged as being parties to the same offense. We find that it was proper to consolidate the trials pursuant to Ind.Code § 35-34-1-9.

The trial court is affirmed.

SHEPARD, C.J., not participating.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.