Timothy M. **LIVINGSTON,**
Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 53A01–8901–CR–10.

Court of Appeals of Indiana,
First District.

May 4, 1989.

K. Edwin Applegate, Applegate Law Offices, Bloomington, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Timothy M. Livingston (Livingston), appeals from his conviction in the Monroe Superior Court for operating a vehicle with a .10% or greater blood alcohol content, a Class D felony under IND. CODE 9–11–2–3.

We affirm in part and reverse in part.

## STATEMENT OF THE FACTS

On September 17, 1987, at approximately 10:20 p.m., Livingston was stopped by an Indiana State Police Officer after he had been observed driving erratically and at speeds in excess of 80 miles per hour. Livingston's eyes were bloodshot, his pupils were dilated and there was a strong odor of alcohol on his breath. Livingston was taken to a State Police post where the officer administered an intoxilyzer test which revealed Livingston's blood alcohol content to be .13%.

Livingston was charged by an Information with operating a motor vehicle while intoxicated (DWI), a Class A misdemeanor under IND. CODE 9–11–2–2 (Count I); operating a motor vehicle with a .10% or greater blood alcohol content, a Class C misdemeanor under IND. CODE 9–11–2–1 (Count II); operating a motor vehicle while intoxicated within five years of a previous DWI conviction, a Class D felony under IND. CODE 9–11–2–3 (Count IA); and operating a motor vehicle with a .10% or greater blood alcohol content within five years of a previous DWI conviction, a Class D felony under IND. CODE 9–11–2–3 (Count IIA).

The case was tried before a jury which found Livingston guilty on Counts II and IIA. The trial court then sentenced Livingston to two years in jail, with all but 180 days suspended, and suspended his driver's license for two years.

## ISSUES

Livingston raises two issues on appeal which are as follows:

I. Whether there was sufficient evidence to establish that Livingston had a .10% or greater blood alcohol content at the time of the alleged offense.

II. Whether there was sufficient evidence to support enhancement of the offense to a Class D felony (Count IIA).

In addition, Livingston raises the issue of whether the trial court erred in denying his motion for mistrial concerning comments it made to the jury during deliberations on Count IIA. We need not address this issue, however, because of our disposition on Issue II. We will discuss Issues I and II together.

## DISCUSSION AND DECISION

Livingston first contends there was insufficient evidence to establish that he operated a vehicle with a .10% or greater blood alcohol content. When sufficiency of the evidence is challenged, this court will neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only the evidence most favorable to the judgment together with any reasonable inferences to be drawn therefrom. If there is sufficient evidence of probative value to support a finding of guilt beyond a reasonable doubt, the conviction will be affirmed. *Pearson v. State* (1988), Ind., 523 N.E.2d 747; *Gatewood v. State* (1982), Ind. 430 N.E.2d 781.

■ In the present case, Livingston notes the presumption set out in IND. CODE 9–11–4–15(b) which is as follows:

If, in a prosecution for an offense under IC 9–11–2, evidence establishes that: (1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and (2) the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the test sample was taken; the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, this presumption is rebuttable.

He argues, however, that sufficient evidence was presented to rebut the presumption. Specifically, Livingston claims that, by the officer's own recollection, the intoxilyzer test was performed at least 29 minutes after he was stopped. He further cites the officer's admission that a person's blood alcohol content may either be rising or falling when he is tested. He finally notes that Dr. Larry Hughes, an expert on alcohol absorption, testified that it was medically possible for a subject to test below a .10% blood alcohol content and 30 to 35 minutes later test over .10%. Livingston concludes, therefore, that there was not sufficient evidence to establish that he had a blood alcohol content of .10% at the time of the alleged offense. We disagree.

Given the factual circumstances of this case, the jury could reasonably have determined that Livingston's blood alcohol content met or exceeded .10% at the time of the alleged offense. Livingston testified that on the day of his arrest he went to a local lounge at approximately 5:15 p.m., where he consumed three beers, had dinner, after which he consumed another beer and a shot of peppermint schnapps, and then left for home at approximately 9:00 p.m. Police records indicate that when he was stopped, Livingston stated he had five or six beers and two drinks but nothing in the last two hours. The arresting officer testified that he did not observe Livingston put anything in his mouth after he was stopped. Finally, the record establishes the officer followed the method approved by the State Department of Toxicology in administering the intoxilyzer test to Livingston. This involved observing Livingston for a period of 20 minutes prior to the test to ensure that he consumed no food or drink.

In this case, the jury could have determined that Livingston's blood alcohol content at the time of the alleged offense was lower than the level indicated by the test. However, given the evidence which established that Livingston did not ingest any alcohol for a period of approximately two hours and 20 minutes prior to the test, we believe the jury could reasonably have concluded that his blood alcohol content was higher at the time of the alleged offense. Nevertheless, the evidence presented was more than sufficient to sustain the jury's finding that Livingston operated a vehicle with a .10% or greater blood alcohol content. *See Sullivan v. State* (1988), Ind. App., 517 N.E.2d 1251.

■ Livingston also contends there was insufficient evidence to support enhancement to a Class D felony. We agree. During the enhancement phase of the trial the State introduced the following three documents: a certified copy of the Bureau of Motor Vehicles driving record of a Timothy M. Livingston, showing a "DWI–Liquor" notation on September 27, 1982; a certified copy of a docket sheet from the Monroe Superior Court showing that a Timothy M. Livingston entered a change of plea and was sentenced for driving while intoxicated on September 27, 1982; and a certified copy of the abstract of court record showing that a Timothy M. Livingston was convicted of driving while intoxicated on September 27, 1982, in Monroe County Superior Court. The State rested its case without any other evidence or testimony.

■ In enhancement proceedings concerning recidivist conduct, mere documentary evidence relating to a conviction of one with the same name as the defendant

is not sufficient to demonstrate that it was indeed the defendant who was convicted of the prior offense. *Sullivan, supra.* While the State acknowledges this point, it nevertheless argues that a sufficient link is established where the records reflect not only the same name but also the same birth date or social security number. In support of this contention, the State cites *Fozzard v. State* (1988), Ind., 518 N.E.2d 789 and *Sapp v. State* (1987), Ind., 513 N.E.2d 178.

The State's argument is not well taken. In *Fozzard* the documents of prior convictions contained both the same birth date *and* a photograph which the jury could compare with the defendant seated in the courtroom. In the present case, no such evidence was introduced during the enhancement phase of the trial. In *Sapp* the State introduced certified copies of Department of Correction records with the defendant's name, date of birth, social security number, *fingerprints and physical description.* Furthermore, the State produced a fingerprinting expert who testified that the defendant's fingerprints matched those in the records. Once again, no such evidence was introduced during the enhancement phase of the trial. Finally, we note the Bureau of Motor Vehicles record and the abstract of court record contained different birth dates. We find, therefore, the evidentiary link is too tenuous to permit a reasonable juror to find beyond a reasonable doubt that Livingston was previously convicted of driving while intoxicated as was alleged in the charging Information.

For the above reasons, this cause is affirmed in part and reversed and remanded in part. The trial court is ordered to vacate the judgment of conviction as a Class D felony and resentence Livingston accordingly.

Judgment affirmed in part and reversed in part.

ROBERTSON and BUCHANAN, JJ., concur.