Demetrius A. KEEGAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 09A02–8907–CR–334.

Court of Appeals of Indiana,
Second District.

Dec. 31, 1990.

Jim Brugh, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Demetrius A. Keegan appeals his conviction for operating a vehicle while intoxicated as a class D felony under IC 9–11–2–3 (1988).[1]

We affirm.

The issue on appeal is whether the State met its burden of proving Keegan had a previous conviction of operating while intoxicated within the five (5) years immediately preceding the present offense. Resolution of the issue depends upon the admissibility and sufficiency of State's Exhibits 5 and 6, the evidence offered by the State to prove Keegan's prior conviction.

1. IC 9–11–2–3 (1988) reads: "A person who violates section 1 or section 2 of this chapter commits a Class D felony if: (1) he has a previous conviction of operating while intoxicated; and (2) the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or section 2 of this chapter."

## ADMISSIBILITY OF STATE'S
## EXHIBIT 5

■ Keegan argues the trial court erred in admitting into evidence, over his hearsay objection, State's Exhibit 5, a copy of the driving record of Demetrius A. Keegan certified by the Commissioner of Motor Vehicles of the State of New York. Keegan argues State's Exhibit 5 is inadmissible because it was offered to prove Keegan's conviction, and thus it was offered to prove the truthfulness of the statement included in the primary record. The statement included in the primary record, that Keegan had been convicted, is classic hearsay: an out-of-court assertion, the recitation of a conviction, offered to prove the truthfulness of the assertion, the conviction.

The State seeks to avoid the Keegan's argument by claiming an exception exists pursuant to IC 9–11–4–14 (1988). This statute provides:

> In a proceeding under this article:
> (1) a certified copy of a person's driving record obtained from the bureau
> . . .
> constitutes prima facie evidence that the person has a previous conviction of operating while intoxicated.

IC 9–11–4–14 (1988). The State claims "bureau" includes the Department of Motor Vehicles of the State of New York.

IC 9–11–1–2 (1988) provides: " 'Bureau' refers to the bureau of motor vehicles." IC 9–1–1–1 (1988) provides, in relevant part: "There is created a department of state government to be known as the bureau of motor vehicles." The reasonable construction of IC 9–11–4–14, considering our mandate to construe penal statutes against the State, *State v. Bigbee* (1973), 260 Ind. 90, 292 N.E.2d 609, is that "bureau" is a reference to the bureau of motor vehicles, the department of state government created by the Indiana General Assembly for the State of Indiana. Contrary to the State's argument, the fact the phrase "bureau of motor vehicles" is not capitalized does not establish it refers to all

States' bureaus because the statute creating the bureau refers to it as "the bureau of motor vehicles", all in the lower case.

Similarly, there is no significance to the fact an out-of-state conviction for an offense similar to an Indiana offense described in IC 9–11–1–6.5 constitutes a previous conviction for purposes of enhancing a subsequent Indiana conviction. IC 9–11–1–6.5 specifies an out-of-state conviction substantively is a basis for enhancing a subsequent conviction, while IC 9–11–4–14 provides a procedure for proving the conviction. The two statutes address different concerns.

State's Exhibit 5, entitled "Abstract of Operating Record," recites it was prepared "In compliance with Section 354 of the Vehicle and Traffic Law" and that Demetrius A. Keegan, born November 29, 1956 was convicted on August 19, 1986 for driving while impaired on June 4, 1986. The abstract is certified by the Commissioner of Motor Vehicles and bears the seal of that office.

■ The trial court did not err in admitting State's Exhibit 5 over Keegan's hearsay objection. The New York abstract qualifies as an official record. Section 354 of the Vehicle and Traffic Law of New York mandates the Commissioner of Motor Vehicles to furnish a "certified abstract of the operating record of any person ... and shall include enumeration of any convictions of such person or a violation of any provision of any statute relating to the operating of a motor vehicle...." N.Y. *Veh. & Traf. Law* § 354 (McKinney 1986). Thus, the Department of Motor Vehicles of the State of New York has the duty to record operating convictions, the predicate for qualifying a record as an official record. *Kinkade v. State* (1989), Ind.App., 537 N.E.2d 541.

Indisputably, a record of a conviction entered by the convicting court is an official record. Then, section 514 of the Vehicle and Traffic Law of New York[2] mandates

---

**2.** "Upon a judgment of conviction ... the court or the clerk shall ... certify the facts of the case to the commissioner ... Such certificate shall be presumptive evidence of the facts recited therein." N.Y. *Veh. & Traf. Law* § 514(1)(a) (McKinney 1986).

the court entering a conviction for the offense of driving while impaired to transmit a conviction certificate to the Commissioner of Motor Vehicles of the State of New York. That conviction certificate is an official record. Consequently, the abstract, the primary record, is admissible as is the recitation of the conviction for its truthfulness because the abstract, an official record, is based upon an official record, the conviction certificate.

Finally, State's Exhibit 5 was properly identified.

> An official record kept within ... any state ... when admissible for any purpose, may be evidenced ... by a copy attested by the officer having the legal custody of the record, or by his deputy. Proof that such officer does ... have custody of the record ... may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office.

Ind. Trial Rule 44(A)(1).

The exhibit attests the certifying officer has custody of the record by that officer affixing the seal of his office and reciting his statutory duty pertaining to the record. Hence, State's Exhibit 5 is a copy of part of an official record, attested by the legal custodian of the record. The trial court did not err in admitting into evidence State's Exhibit 5.

### ADMISSIBILITY OF STATE'S EXHIBIT 6

■ Keegan also argues State's Exhibit 6 was erroneously admitted over his hearsay objection. The exhibit consisted of four pages. The first page is entitled certificate of conviction; however, the certification is not signed; the second and third pages contain copies of traffic informations; and the fourth page is entitled "Local Court Criminal Disposition Report." Regardless of whether the certification, "I certify that I have compared the within with the original certificate of conviction made and signed by me and that the same is a correct copy thereof and transcript therefrom and of the whole thereon" is sufficient to include the following three pages, the certification is facially deficient because it is not signed. Therefore, it is not admissible under IC 34–1–18–7 (1988) or T.R. 44(A)(1). Consequently, because it is classic hearsay, the trial court erred in admitting State's Exhibit 6.

### SUFFICIENCY OF THE EVIDENCE

■ Finally Keegan claims the evidence is insufficient to sustain his conviction of the class D felony. He argues that without State's Exhibits 5 and 6 there is no evidence of his alleged prior conviction.

State's Exhibit 5 was properly admitted; State's Exhibit 6 was erroneously admitted. The issue, then, is whether State's Exhibit 5 is sufficient to sustain the State's burden of proof. Keegan claims Exhibit 5 is not sufficient because the evidence is insufficient to establish he is the person who was convicted in New York. Citing *Thomas v. State* (1984), Ind., 471 N.E.2d 677, *Duncan v. State* (1980), 274 Ind. 144, 409 N.E.2d 597, *Livingston v. State* (1989), Ind.App., 537 N.E.2d 75, and *Sullivan v. State* (1988), Ind.App., 517 N.E.2d 1251, Keegan argues "mere documentary evidence relating to a conviction of one with the same name as the defendant is not sufficient to demonstrate that it was indeed the defendant who was convicted of the prior offense." Appellant's Brief at 13.

In *Thomas* our supreme court held that properly admitted photographs and fingerprints attached to commitment records for prior felonies was sufficient evidence from which the jury could determine Thomas was the person who had committed the prior felonies. In *Duncan*, the supreme court stated a document relating the conviction of one with the same name as the defendant would be insufficient to demonstrate the defendant was the person convicted of a prior felony. However, in *Duncan* the evidence offered by the state, a prison photograph of the defendant, was deemed sufficient. In *Livingston* this court held that a Bureau of Motor Vehicles record and an abstract of court record, containing *different* birth dates, was too tenuous an evidentiary link to permit a reasonable juror to find beyond a reasonable doubt that Livingston had been previ-

ously convicted. Finally, in *Sullivan,* this court held a certified copy of a docket sheet of a prior conviction of an individual with the same name as the defendant but with a different conviction date than that alleged in the instant information and a certified copy of a driving record and abstract of court convictions of an individual with a similar name (Jerry J. Sullivan as opposed to Terry J. Sullivan) was insufficient to establish Sullivan had committed the enhancing driving offense alleged in the information.

These cases only establish that evidence of a prior conviction of a person with the same name as a present defendant is insufficient to establish the present defendant has a prior conviction. They do not address the situation where, as here, the documentary evidence establishing the prior conviction contains the same date of birth as the present defendant and the source of the defendant's birthdate is the defendant. The record reveals the arresting officer obtained Keegan's birthdate from Keegan's driver's license at the time of Keegan's arrest. We deem such evidence sufficient for a reasonable fact finder to conclude the Demetrius A. Keegan, born November 29, 1956 and convicted of driving while impaired in New York on August 19, 1986 is the same Demetrius A. Keegan born November 29, 1956 who was convicted in this cause of driving while impaired. Therefore, the evidence is sufficient to support Keegan's conviction of the enhanced class D felony.

Judgment affirmed.

SULLIVAN and ROBERTSON, JJ., concur.