**Michael R. CODY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 55A01–9803–CR–111.**

Court of Appeals of Indiana.

Nov. 23, 1998.

Michael C. Ice, McNutt, Hurt & Blue, Martinsville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, For Appellee–Plaintiff.

## OPINION

STATON, Judge.

Michael Cody appeals his conviction for possession of marijuana,[1] a Class A misdemeanor. Cody raises two issues on appeal, which we restate as:

I.  Whether the trial court erred in denying Cody's motion to suppress evidence.

II. Whether the trial court erred in forfeiting Cody's bond for reimbursement of his public defender expenses.

We affirm in part, reverse in part and remand with instructions.

On April 11, 1997, a Mooresville police officer followed Cody into a parking lot,[2] where the officer turned on his take-down lights. As the officer approached Cody's truck, he smelled marijuana emanating from the vehicle. After checking Cody's license, the officer told him that he smelled marijuana. Cody admitted to smoking a marijuana cigarette earlier, but stated that he threw the remainder of the cigarette out. The officer asked if he could search Cody's vehicle. Cody refused. The officer then informed Cody that he thought he had probable cause to search the truck, and was going to conduct a search. Cody reached into the glove com-

---

**1.** Ind.Code § 35–48–4–11(1) (1993).

**2.** While following Cody down the highway, the officer observed Cody's truck cross the fog line and clocked his speed at 63 miles per hour.

partment and handed the officer a cigarette package containing marijuana and a pipe.

Cody filed a motion to suppress the evidence, arguing that he did not give valid consent to search his truck, and therefore, the search was illegal and the evidence inadmissible. The trial court denied the motion. At his bench trial, Cody renewed his motion to suppress, and it was again denied. After his conviction, Cody's bond was forfeited for the reimbursement of a portion of his defense costs. Cody appeals.

## I.

### Motion to Suppress

■ Cody argues that the trial court erred in denying his motion to suppress the marijuana because the officer did not have a warrant to search his vehicle and Cody did not consent to a search when he handed the drugs to the officer. When we are evaluating the propriety of a warrantless search under the Fourth Amendment of the United States Constitution, we accept the factual findings of the trial court unless they are clearly erroneous. *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996); *Brown v. State,* 653 N.E.2d 77, 81 (Ind.1995). Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences to support them. *Matter of Estate of Banko,* 622 N.E.2d 476, 481 (Ind.1993), *reh. denied.* When determining whether the findings are clearly erroneous, we consider only the evidence most favorable to the judgment and the reasonable inferences flowing from that evidence. *Id.* We will not judge witness credibility or reweigh the evidence. *Id.* However, the ultimate determination of reasonable suspicion or probable cause is reviewed *de novo. Ornelas,* 517 U.S. 690, 116 S.Ct. at 1663; *Brown,* 653 N.E.2d at 81.

■ The trial judge determined that Cody gave valid consent to the search when he handed the drugs to the officer, despite the fact that he had previously denied the officer's request to search his vehicle. Assuming arguendo that Cody's consent to search his vehicle was invalid, we conclude that the officer had probable cause to search Cody's truck under the automobile exception. Therefore, the trial court did not err in denying Cody's motion to suppress the evidence.

■ The inevitable discovery doctrine permits the introduction of evidence, found during an unlawful search, that eventually would have been uncovered by lawful means. *Banks v. State,* 681 N.E.2d 235, 240 (Ind.Ct. App.1997). Even though the evidence at issue here was discovered by way of Cody's consent, that same evidence would have been found during a lawful search of the vehicle under the automobile exception.

■ An automobile may be searched without a warrant where there is probable cause to believe that the automobile contains articles that the officers are entitled to seize. *Patterson v. State,* 270 Ind. 469, 473, 386 N.E.2d 936, 939 (1979), *reh. denied, cert. denied,* 444 U.S. 935, 100 S.Ct. 283, 62 L.Ed.2d 194 (citing *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970)). Probable cause is established by the facts and circumstances known to the arresting officer which would warrant a man of reasonable caution and prudence in believing that the accused had committed a criminal offense. *Id.*

■ Accepting the trial court's finding of facts, we hold that the officer had probable cause to believe that Cody's truck contained marijuana. The officer detected the distinct odor of marijuana, and Cody admitted to having smoked marijuana previously. Although no reported Indiana cases have held that probable cause is established solely by the odor of marijuana in a vehicle, other courts have so held. *See State v. Naisbitt,* 827 P.2d 969, 972–73 (Utah Ct.App.1992). An Indiana federal district court found, under facts similar to those presented in this case, that the smell of marijuana alone was enough to establish probable cause to search a vehicle. *U.S. v. Dallas,* 672 F.Supp. 362, 365–66 (S.D.Ind.1987). In addition, the U.S. Supreme Court held that what would have been a lawful warrantless search, conducted after an officer smelled marijuana in a car, was made unlawful by the fact that the officers extended that search to containers within the car. *Robbins v. California,* 453 U.S.

420, 428, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), *overruled on other grounds, U.S. v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Therefore, we find that the odor of marijuana, coupled with the fact that Cody admitted smoking a marijuana cigarette earlier, was enough to establish probable cause in this case.

## II.

### *Forfeiture of Bond*

Cody challenges the trial court's order forfeiting his $195 cash bond for the purpose of reimbursing some of the costs of his defense. The State argues that Cody does not have standing to challenge the forfeiture because Cody's bond was posted by a third party. We hold that Cody does have standing to challenge the forfeiture, and that the trial court erred in forfeiting the cash bond to reimburse Cody's defense expenses.

In order to establish standing, the complaining party must demonstrate a personal stake in the outcome of the lawsuit and must show that he has sustained or is in immediate danger of sustaining some direct injury as a result of the conduct at issue. *Shourek v. Stirling,* 621 N.E.2d 1107 (Ind. 1993). Even though Cody did not post the cash bond at issue, he will suffer a direct injury if the money is not returned to the person who did post it. The bail money was a loan. If that money is forfeited, Cody will have to repay the loan; therefore, he is in immediate danger of suffering an injury by the forfeiture. Cody has standing to challenge the bond forfeiture.

IND.CODE § 35–33–8–3.1 (1993)[3] governs bail and bail forfeiture. IC 35–33–8–3.1(a)(1) states that a cash bond in the full amount of the bail may be posted. The following subsection gives another alternative: 10% of the bail may be posted, but that amount is subject to retention by the clerk of the court for the reimbursement of publicly

paid costs of representation. IC 35–33–8–3.1(a)(2). In this case, the full amount of bail was posted in a cash bond under IC 35–33–8–3.1(a)(1). There is no language in the cash bond subsection that allows the clerk to retain any portion of the full amount for reimbursement of the costs of defense. *Id.* In fact, this court has held that "the statutory provision for retention of bond money as compensation for publicly provided representation applies only when the defendant has posted a ten percent bond with the clerk of the court." *J.J. Richard Farm Corp. v. State,* 642 N.E.2d 1384, 1388 (Ind.Ct.App. 1994). Because Cody's bond was posted under IC 35–33–8–3.1(1)(a), the court was not authorized to retain the balance of his bond for the costs of his defense.[4] Therefore, we hold that the trial court erred in forfeiting Cody's bond. We reverse and remand with instructions to pay the balance of the bond money over to Cody.

Affirmed in part, reversed in part, and remanded.

KIRSCH and ROBB, JJ., concur.

---

3. This statute has been repealed and recodified at IND.CODE § 35–33–8–3.2 (Supp.1998).

4. The trial court withheld the bond money under the guise of a notice given to all persons who post bond in Morgan County. That notice warns those posting bond that their money, whether

cash bond or 10% bond, can be forfeited to pay for publicly paid costs of representation. However, this notice is neither contemplated nor authorized by IC 35–33–8–3.1(1)(a) and, therefore, we are not bound by it.