**Lyndal E. JONES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 55A01–9809–CR–358.**

Court of Appeals of Indiana.

Sept. 23, 1999.

---

Loretta Lauer, Gregory T. Lauer, Martinsville, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Michael McLaughlin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Lyndal E. Jones (Jones), appeals his conviction and sentence for Operating While Intoxicated,[1] a Class D Felony,[2] and the trial court's forfeiture of his $295 cash bond.

We affirm in part and reverse in part.

Upon appeal, Jones presents two issues:

(1) Whether the State provided sufficient evidence to show that Jones had a previous conviction of Operating While Intoxicated; and

(2) Whether the trial court erred in forfeiting a portion of Jones' cash bond to reimburse the State for his publicly paid representation.

The facts most favorable to the judgment reveal that on May 15, 1997, Jones was charged with Operating a Vehicle While Intoxicated (OWI) as a Class D felony, Driving While Suspended,[3] and Failing to Give Emergency Vehicle Right of Way.[4] In order to elevate the OWI from a Class A misdemeanor to a Class D felony, the State charged Jones with OWI after having a previous OWI conviction within five years. The trial court set Jones' bond for $2,800, $300 to be paid in cash and $2,500 to be posted by surety. Thereafter, Jones posted bail of $300 in cash plus $2,500 by surety. On July 14, 1998, a jury found Jones guilty as charged.

During the prior conviction phase of the trial, the State introduced a certified copy of the information and sentencing order for the prior OWI conviction dated November 15, 1993, with a cause number 55E01–9310–CM599. The State also introduced a certified copy of Jones' driving record which noted Jones' November 1993 conviction and contained the same cause number. Finally, the State offered testimony from Deputy Sheriff Gerrard McGrath (McGrath) of the Morgan County Sheriff's Department who had arrested Jones for OWI in May of 1997. Specifically, McGrath confirmed that Jones' date of birth and social security number on the driving record were identical to the birth date and social security number obtained from Jones during Jones' arrest in May 1997. Deputy Sheriff McGrath also testified that the cause number on the sentencing order for the first OWI conviction matched the cause number on Jones' driving record.

On August 13, 1998, the court elevated the second OWI conviction to a Class D felony and sentenced Jones to three years imprisonment. The court also assessed court costs and a fine, but waived them because Jones was indigent at that time. However, the court retained $295 of Jones' $300 cash bond to reimburse the county for payment of public attorney fees.

### I. Sufficiency of Evidence of Prior Conviction

■ Jones contends that the State did not produce sufficient evidence to elevate his conviction to a Class D felony because the State did not prove beyond a reasonable doubt that Jones had committed a prior OWI. Although Jones acknowledges that the State offered a certified copy of

1. I.C. 9–30–5–2 (Burns Code Ed. Repl.1997).

2. I.C. 9–30–5–3 (Burns Code Ed. Repl.1997). Pursuant to this statute, the offense is elevated to a Class D felony if, "[t]he person has a previous conviction of operating while intoxicated; and [ ][t]he previous conviction of operating while intoxicated occurred within five (5) years immediately preceding the occur-

rence of the violation of section 1 or 2 of this chapter."

3. I.C. 9–24–18–5(a) (Burns Code Ed. Repl. 1997 and Supp.1998).

4. I.C. 9–21–8–35 (Burns Code Ed. Repl.1997).

the 1993 OWI conviction and his driving record, he contends that the State failed to show that he was the person who committed the 1993 OWI.

IND. CODE 9–30–6–14 (Burns Code Ed. Repl.1997) states that "[a] certified copy of a person's driving record obtained from the bureau" or "[a] certified copy of a court record concerning a previous conviction [ ] constitutes prima facie evidence that the person has a previous conviction of operating while intoxicated." However, Indiana courts have also required the State to introduce supporting evidence to prove the defendant's identity when the driving record or court record alone does not unambiguously prove the present defendant is the same person who committed the previous OWI. *See Sullivan v. State* (1988) Ind.App., 517 N.E.2d 1251, 1253–54, *trans. denied* (holding that a certified copy of a docket sheet, an information with a different conviction date from the docket sheet and a driving record with a different but similar name to the defendant's name did not give the trier of fact sufficient evidence to determine the defendant's identity when considering the documents together). *See also Livingston v. State* (1989) Ind.App., 537 N.E.2d 75, 78 (finding that different birth dates on the court record and the driving record created too tenuous an evidentiary link).

In *Keegan v. State* (1990) Ind.App., 564 N.E.2d 533, 536, we recognized that providing evidence that links a defendant by name only to a previous conviction is insufficient to prove the prior conviction. In contrast, we held that providing documentary evidence of the prior conviction "contain[ing] the same date of birth as the present defendant and the source of the defendant's birthdate" sufficiently proved the prior conviction. *Id.* Here, the State introduced the information and sentencing order from Jones' November 1993 conviction. The date and cause number on the

sentencing order match the information on Jones' driving record. Further, Jones' birth date and social security number on the driving record match the information Deputy Sheriff McGrath obtained while investigating the May 1997 OWI. Taken together, these documents along with Deputy Sheriff McGrath's testimony, sufficiently establish that Jones is the person who was convicted for OWI in November of 1993. Therefore, the evidence is sufficient to support the conviction as a Class D felony.

## II. Bond Forfeiture

■ Jones also contends that the trial court erroneously retained $295 of Jones' cash bond to cover costs of publicly paid representation. Although the State acknowledges a trial court may not retain a cash bond for payment of publicly paid representation when the defendant posts the full amount of the bond, it argues that Jones "waived his right to challenge the cash bond forfeiture." Appellee's Brief at 7. In support of its contention, the State relies upon *Moore v. State* (1996) Ind., 669 N.E.2d 733, 742, *reh'g denied* and *Engle v. State* (1987) Ind., 506 N.E.2d 3, 5, *reh'g denied.* These cases hold that a defendant must make a contemporaneous objection to preserve an issue for appeal so as to alert the trial judge fully to the legal issue being raised. *See also Jones v. State* (1999) Ind.App., 708 N.E.2d 37, 39, *trans. denied.* However, we conclude that this "contemporary objection" rule does not apply to the retention of Jones' bond because the order of bond forfeiture was a sua sponte ruling from the bench at sentencing. Jones could not reasonably be expected to raise a retention objection prior to the ruling itself. Jones raises the objection to the bond forfeiture now on appeal, which is his first reasonable opportunity to do so, and therefore, Jones did not waive his right to challenge retention of the $295.

■ IND. CODE 35–33–8–3.1 (Burns Code Ed. Repl.1998)[5] governs admission

---

**5.** *Repealed by* Acts 1998, P.L. 107. For present provision, *see* I.C. 35–33–8–3.2 (Burns Ed. Supp.1998).

to bail and bail forfeiture. Under the statute, a defendant has two options. He may "execute a bail bond with sufficient solvent sureties or to deposit cash or securities *in an amount equal to the bail* ...." I.C. 35–33–8–3.1(a)(1) (emphasis added) or he may "execute a bail bond by depositing cash or securities with the clerk of the court in an amount not less than ten percent (10%) of the bail." I.C. 35–33–8–3.1(a)(2). Under the second option, the clerk is permitted to retain the ten percent deposit for the "publicly paid costs of representation." *Id. See J.J. Richard Farm Corp. v. State* (1994) Ind.App., 642 N.E.2d 1384, 1388 (holding that "the statutory provision for retention of bond money as compensation for publicly provided representation applies only when the defendant has posted a ten percent bond with the clerk of the court"). However, the statute does not authorize bond forfeiture for public representation costs if a defendant pays the entire amount of the bail in cash or securities under I.C. 35–33–8–3.1(a)(1).

Recently, we reaffirmed our holding in *J.J. Richard Farm Corp.* in *Cody v. State* (1998) Ind.App., 702 N.E.2d 364, 367, in which we held that the trial court erred in retaining a defendant's bond for costs of his public defense because the defendant paid the bond in full rather than posting ten percent.

In this case, Jones posted the entire bond of $2,800 by posting $300 in cash and $2,500 by surety. Because the full amount of Jones' bond was covered, he fell under the provisions of I.C. 35–33–8–3.1(a)(1) and not under I.C. 35–33–8–3.1(a)(2). Therefore, the trial court did not have the statutory authority to retain Jones' cash bond for the costs of his "publicly paid representation" and erred in retaining it. While we understand the trial court's desire to recoup these funds for the county, I.C. 35–33–8–3.1(a)(1) does not authorize such retention. The trial court simply cannot do that which the Legislature has not intended. If the Legislature desires to permit retention of a defendant's bail regardless of whether he chooses to post the entire amount of the bond or instead posts at least ten percent of the bond, then it may do so by amendment of the statute.

The judgment is affirmed in part, reversed in part and remanded to the trial court for further proceedings not inconsistent with this opinion.

RILEY, J., and MATTINGLY, J., concur.