**Bruce WALKER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0311–CR–560.

Court of Appeals of Indiana.

July 20, 2004.

Publication Ordered Aug. 6, 2004.

Transfer Denied Sept. 28, 2004.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Bruce Walker ("Walker") was convicted of Class D felony operating while intoxicated,[1] Class A misdemeanor resisting law enforcement,[2] and Class B misdemeanor public intoxication[3] in Marion Superior Court. Walker appeals, presenting the following restated issues:

I.   Whether Walker received effective assistance of counsel; and

II.  Whether sufficient evidence supports Walker's resisting law enforcement conviction.

Concluding Walker received effective assistance of counsel but the State failed to prove Walker resisted law enforcement, we affirm in part, reverse in part, and remand.

### Facts and Procedural History

On May 26, 2002, Park Ranger Michael Fuller ("Ranger Fuller") observed a vehicle driven by Walker traveling below the speed limit, weaving across the centerline, hitting mailboxes, and almost driving into a ditch. Ranger Fuller attempted to stop Walker, but Walker ran a red light, drove two blocks, and drove into a residential yard.

Ranger Fuller instructed Walker to remain in his vehicle, but Walker pulled himself from his vehicle and began to stagger. Walker smelled of alcohol, had glassy eyes, and slurred his speech. Ranger Fuller handcuffed Walker after Walker refused to put his hands on his vehicle.

1. Ind.Code § 9–30–5–2 (1992); Ind.Code § 9–30–5–3 (1992)

2. Ind.Code § 35–44–3–3 (1998).

3. Ind.Code § 7.1–5–1–3 (1982).

Walker failed the horizontal gaze nystagmus sobriety test. Upon this failure, Ranger Fuller read Walker Indiana's Implied Consent Law and asked Walker if he would submit to a breath test. Walker refused. The State then charged Walker with Class D felony operating while intoxicated,[4] Class A misdemeanor driving while suspended, Class A misdemeanor battery, Class A misdemeanor resisting law enforcement, and Class B misdemeanor public intoxication.

During Walker's bench trial, the State admitted probable cause affidavits for the purpose of demonstrating Walker's identity.[5] Walker was acquitted of battery and driving while suspended but convicted of operating while intoxicated, resisting law enforcement, and public intoxication. The trial court sentenced Walker to 545 days executed in the Department of Correction and 365 days in community corrections. Walker now appeals.

## I. Ineffective Assistance of Counsel

Walker claims his counsel was ineffective for failing to object to the admission of the probable cause affidavits and this failure prejudiced him because the affidavits were the only documents establishing that the Bruce Walker convicted of operating while intoxicated in 1997 is the same Bruce Walker in the case at bar. In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) his or her counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, because of counsel's errors, the result of the proceeding is unreliable. *See Conner v. State*, 711 N.E.2d 1238, 1248 (Ind.1999).

■ For the Class D felony enhancement charged, supporting evidence must be admitted to identify the defendant as the same defendant named in prior convictions. *Hernandez v. State*, 716 N.E.2d 948, 953 (Ind.1999). If this evidence yields logical and reasonable inferences from which the finder of fact could determine the defendant is the same defendant disclosed in the previous conviction, a sufficient connection has been shown. *Straub v. State*, 567 N.E.2d 87, 93 (Ind.1991).

Walker claims "[no] evidence other than the probable cause affidavits linked Walker to the prior 1997 conviction." Br. of Appellant at 8. We disagree. Walker's matching date of birth and driver's license number are on the charging informations for his current charges and his 1997 conviction. Ex. Vol., p. 7; Appellant's App. p. 20. The Indiana Abstract of Court Record also indicates that the Bruce Walker of the 1997 conviction has the same birth date as Walker. Ex. Vol. p. 5. Finally, Walker's matching date of birth is on his 1997 breathalyzer ticket. Ex. Vol. p. 12. This is sufficient evidence to establish Walker's identity. *See Jones v. State*, 716 N.E.2d 556, 558 (Ind.Ct.App.1999); *Keegan v. State*, 564 N.E.2d 533, 536 (Ind.Ct.App. 1990). Walker has failed to meet his burden of proving his conviction is unreliable.

■ Walker also claims that the admission of the probable cause affidavits was fundamental error. However,

> while we frame the standard for ineffective assistance of counsel and fundamental error in somewhat different terms— appropriately so, since the first is a standard of Federal Constitutional law and the second of state criminal procedure—

---

4. Walker had an operating while intoxicated conviction in 1997 that allowed the State to pursue the Class D felony variant of operating while intoxicated.

5. The State only submitted a redacted form of the affidavits that included Walker's full name, race, gender, date of birth, and social security number.

they will invariably operate to produce the same result where the procedural posture of the claim is caused by counsel's failure to object at trial.

*McCorker v. State,* 797 N.E.2d 257, 262–63 (Ind.2003). Accordingly, our conclusion that Walker received effective assistance of counsel necessarily precludes Walker's right to relief under the theory of fundamental error.

## II. Resisting Law Enforcement

■ A conviction for resisting law enforcement may be had if the State proves beyond a reasonable doubt that the defendant:

(a) knowingly or intentionally:

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer.

Ind.Code § 35–44–3–3(a)(1).

■ Walker contends the State failed to prove the "law enforcement officer" element of resisting law enforcement because the State did not prove a park ranger is a law enforcement officer. In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and the reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging witness credibility, we conclude no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Tyson v. State,* 766 N.E.2d 715, 717–18 (Ind. 2002).

Indiana Code section 9–13–2–92 defines a law enforcement officer as: a state police officer; a city or county police officer; a sheriff; a county coroner; or a conservation officer. Ind.Code § 9–13–2–92 (1992). Indiana Code section 35–41–1–17 defines a law enforcement officer as: a police officer; a deputy of any of those persons; an investigator for a prosecuting attorney; a conservation officer; or an enforcement officer of the alcohol and tobacco commission. Ind.Code § 35–41–1–17 (1998). A conservation officer is an employee of the Department of Natural Resources.[6] Ind. Code § 14–9–8–1 (1998).

These statutes specifically list designations that qualify as a "law enforcement officer." Accordingly, under the statutory-interpretation maxim of *expressio unius exclusio alterius,* these statutes' failure to include park ranger indicates a park ranger is not a law enforcement officer as a matter of law.

Crimes are statutory and must be proved according to their elements. Our conclusion that the State failed to prove the "law enforcement officer" element of resisting law enforcement does not mean a park ranger is not a law enforcement officer as a matter of law. We stress this is an issue of the evidence presented, not an issue of fact or law. In future trials, the State may present evidence indicating a park ranger is considered an adjunct of a law enforcement agency.[7] However, such evidence was not presented in the case at bar, and Walker's resisting law enforcement conviction must be vacated.

## Conclusion

Walker received effective assistance of counsel, but the State failed to present

---

6. The record does not indicate that a park ranger is an employee of the Department of Natural Resources.

7. On appeal, the State drew our attention to public documents suggesting a park ranger is a law enforcement officer. However, as the State correctly notes, we may not consider such evidence.

sufficient evidence to prove he resisted law enforcement.

Affirmed in part, reversed in part, and remanded.

BARNES, J., and CRONE, J., concur.

## ORDER TO PUBLISH MEMORANDUM DECISION

On July 20, 2004, this Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision. The Appellee states that our opinion in this case establishes a new rule of law because it notes that a park ranger is not a law enforcement officer as a matter of law but that the State may introduce evidence tending to prove that a park ranger is a law enforcement officer.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Verified Motion for Publication Decision is GRANTED and this Court's opinion handed down in this case on July 20, 2004, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.